UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY G. DILWORTH and PATRICIA DILWORTH,

                          Plaintiffs,

            -against-                         10 Civ. 2224 (RJH)

RANDY GOLDBERG, M.D., et al.,           **MEMORANDUM OPINION AND ORDER**

                          Defendants.

Richard J. Holwell, District Judge:

        Plaintiffs Anthony G. Dilworth ("Dilworth") and Patricia Dilworth ("Patricia") commenced this action on March 15, 2010, alleging various federal and state claims against New York Medical College ("NYMC"), Aramark Correctional Services LLC ("Aramark"), the Westchester County Department of Correction Superior Officers Association ("SOA"), the Westchester County Department of Correction Superior Officers Association Benefit Fund ("SOA-BF"), the Westchester County Correction Officers Benevolent Association ("COBA"), as well as Westchester County, the Westchester County Health Care Corporation ("WCHCC"), the Westchester Medical College ("WMC") (collectively, the "Institutional County Defendants"), and 55 of these three entities' employees (the "Individual County Defendants", and together with the Institutional County Defendants, the "County Defendants"). Plaintiffs amended their complaint twice, once on April 2, 2010, and once on September 17, 2010. Between October 2010 and February 2011, NYMC, COBA, the County Defendants, and Aramark all moved to dismiss the second amended complaint ("SAC").

1

The Court referred the motions to Magistrate Judge Gabriel W. Gorenstein for a report and recommendation in an order dated June 30, 2010. In his report, *Dilworth v. Goldberg*, No. 10 Civ. 2224 (RJH) (GWG), 2011 WL 3501869, at *34 (S.D.N.Y. July 28, 2011) (the "Report"), Judge Gorenstein concluded that the motions to dismiss of NYMC, Aramark and its unknown employees, and COBA should be granted as to all claims against them. As for the County Defendants, Judge Gorenstein recommended dismissal of all claims against Dr. Richard Maretzo, Jr. and Captain Keith Camera; of the 42 U.S.C. § 1983 claims against Sergeant Clyde Hodge and Captain Raymond Rhodes; of all § 1985 and § 1986 claims; and of all state tort claims.

Plaintiffs filed objections to three of Judge Gorenstein's conclusions. (*See generally* Plaintiffs' Amended Objections to the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein ("Pls.' Am. Obj.")). First, they contend that Judge Gorenstein erroneously dismissed their state tort claims against the County Defendants for failure to serve a notice of claim under N.Y. Gen. Mun. Law § 50-e. Second, plaintiffs argue that they sufficiently alleged a claim under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) against NYMC. And third, plaintiffs object to the dismissal of *respondeat superior* and loss of consortium claims against NYMC, arguing that Drs. Bailey-Wallace and Goldberg were sufficiently identified as employees of NYMC.

The County Defendants also filed objections to Judge Gorenstein's conclusions. (*See generally* County Defendants' Objections to Magistrate Judge Gabriel W. Gorenstein's Report & Recommendation Dated July 28, 2011 ("Defs.' Obj.")). They argue under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) that Judge Gorenstein erred in assuming the truth of numerous allegations against Warden Anthony Amicucci and Commissioner Joseph Spano, where these allegations were apparently offered by plaintiffs on speculation alone, i.e., "on belief." They further argue

that Amicucci, Spano, and Captain James Soychak were not sufficiently involved in any constitutional violations to render them liable under 42 U.S.C. § 1983.

## BACKGROUND

The factual background and relevant procedural history are set forth in the Report. The Court adopts the findings of fact as set forth in the Report and assumes familiarity with the facts as stated therein.

## DISCUSSION

### I. Standard of Review

A district court may designate a magistrate judge to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motions. *See* 28 U.S.C. § 636(b)(1). Within fourteen days of service of the recommendation, any party may file written objections to the magistrate judge's report. *Id.*

The court will generally adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 365 (S.D.N.Y. 2007). However, "the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing 'the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies.'" *Id.* (quoting *366 Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002)). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *Id.* at 366. If, however, the objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the court will review the

report for clear error. *Id*. (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006)).

### II. Objections to Dismissal of the State Tort Claims Against the County Defendants

In the Report, Judge Gorenstein recommended dismissal of the state tort claims against the County Defendants on the grounds that plaintiffs had failed to comply with the requirements of N.Y. General Municipal Law §§ 50-e and 50-i. (Report at *41-42.)

In federal court, state notice of claim statutes apply to state law claims. *Felder v. Casey*, 487 U.S. 131, 151 (1988); *Parise v. N.Y.C. Dep't of Sanitation*, 306 Fed.Appx. 695, 696 (2d. Cir. 2009). Under New York law, a notice of claim is a mandatory condition precedent to bringing a tort claim against a municipality. *See* N.Y. Gen. Mun. Law § 50–e (McKinney 2010); *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999); *Fincher v. County of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997). A notice of claim must, *inter alia,* "be filed within ninety days of when the claim arises." § 50–e. Since plaintiffs' notice of claim was served on the county on December 31, 2009, more than ninety days after Dilworth's injury, and since a federal court "does not have jurisdiction to decide whether Plaintiffs may file late Notices of Claim," *Bunim v. City of New York*, No. 05 Civ. 1562 (KMK), 2006 WL 2056386, at *1 n.2 (S.D.N.Y. July 21, 2006),[1] the report concluded that the state tort claims against the County Defendants must be dismissed.

---

[1] Although the Second Circuit has not definitively ruled on whether a federal district court may grant a request to extend time to serve the notice of claim, *see Corcoran v. New York Power Auth.*, 202 F.3d 530, 540 (2d Cir.1999), the court agrees with Judge Gorenstein and the many district courts within this Circuit which "have routinely found that they lack jurisdiction to even consider such an application." *Humphrey v. County of Nassau*, No. 06 Civ. 3682 (JFB) (AKT), 2009 WL 875534, at *21 (E.D.N.Y. Mar. 30, 2009) ("This [c]ourt agrees with the overwhelming weight of authority among district courts in the Second Circuit and finds that Section 50–e(7) permits only certain state courts-'the supreme court or the county court' in certain counties-to consider and to grant an application for an extension of time in this context.") (alteration omitted) (collecting cases); *see also Stoeckley v. City of New York*, 700 F. Supp. 2d 489, 496 (S.D.N.Y. 2010) ("[L]eave to serve a late notice of claim may be granted only by a state court.").

Plaintiffs challenge Judge Gorenstein's conclusion on three grounds: (A) Four months after Dilworth's accident, plaintiffs served a *pro se* notice of claim on Westchester County which, although untimely as to the accident, saves some of plaintiffs' state tort claims; (B) Plaintiffs should be permitted to pursue state tort claims against the Individual County Defendants for activities undertaken outside the scope of their employment; and (C) Drs. Bailey-Wallace and Goldberg are not exclusively municipal employees, and thus not subject to the notice of claim requirement.

**A. The *pro se* Notice of Claim**

When suing a municipality or municipal agency, New York law requires a plaintiff to plead in his complaint that: "(1) the plaintiff has served [a] notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." *Hardy*, 164 F.3d at 793. Plaintiffs plead that multiple notices of claim were served on the County. (SAC ¶ 18) ("notices of claim were served upon the municipal defendants"). Plaintiffs acknowledge in the complaint that Dilworth did not serve these notices within ninety days of his injury, but submit that a timely motion for leave to serve a late notice of claim was filed and served on the county. *Id.* Dilworth was subject to a physical examination at Westchester County's request on August 19, 2009, after receipt of the first notice of claim. (*Id.* ¶ 19); *see* N.Y. Gen. Mun. Law § 50-h ("Wherever a notice of claim is filed against a . . . county, . . . the . . . county . . . shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made.") Dilworth presented himself for a second examination on March 10, 2010, in connection with the second notice of claim, but the County chose not to proceed with the examination. (SAC ¶ 20.) Plaintiffs plead that "more than thirty

days have elapsed since service of said notices," and that "no offer of settlement has been made." (*Id.*)

For the first time in the action, Plaintiffs have provided the court with a copy of a *pro se* notice of claim served on the county in May of 2009, and argue that this notice supports some of their state tort claims. This notice was not reviewed by Judge Gorenstein, as it was submitted only as part of plaintiffs' objections. District courts in this circuit have found it proper to "refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance." *Allen v. Hurd*, 09 Civ. 13882010 (GTS/GHL), 2010 WL 2682248, at *2 n.1 (N.D.N.Y. July 2, 2010). However, "the authority—and the responsibility—to make an informed, final determination" remains with the District Judge, *U.S. v. Tortora*, 30 F.3d 334, 337 (2d Cir. 1994) (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)), who retains the power to review any portion of a report, *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997). Accordingly, as plaintiffs' complaint clearly references two notices of claim, the court will consider the effect of both notices on plaintiffs' state tort claims.

Dilworth's *pro se* notice is dated May 20, 2009. (**[286]** Declaration in Support of Plaintiffs' Amended Objections to the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein ("Deem Decl.") Ex. 1). It identifies five respondents: Westchester County Hospital; Westchester Inmate Medical Services; "Dr. Bailey," Director of Inmate Health Services; the Westchester County Department of Correction; and Joseph Spano. (*Id.*) In the notice of claim, Dilworth describes his injury of December 16, 2008. (*Id.* at 1.) The notice alleges that Dilworth consequently suffered injuries "which consist of Three cracked disk in [his] lumbar spine and chronic nerve damage which travels down [his] left leg," and that he was

"confined to a bed for 4 months at the J-Block Dorms, without proper medical care." (*Id.* at 1-2.) The notice further alleges that "[a]t the time of [his] confinement [Dilworth] had no assistance aiding [him] with the proper care as well as being maintained in a non-handicapped facility dorm," that actions and inactions of the defendants "named and unnamed were cal[l]ous and negligent…causing perm[a]nent physical and mental damage," and that the defendants "failed to provide prompt emergency care, causing extreme pain and suffering." (*Id.* at 1-2.) The notice lists no other causes of action. Westchester County acknowledged receipt of the *pro se* notice during their initial examination of Dilworth. (Deem Decl. Ex. 1 at 109.) Plaintiffs concede that they "do not know the exact date that Dilworth's *pro se* notice of claim was served on Westchester County, but believe it was within five days [of when] the notice of claim was notarized, May 20, 2009." (Pls.' Am. Obj. at 3.) For the purposes of the present motion, the court presumes the notice was served on or around the day it was notarized. The exact date of service can be determined at trial. *See Stewart v. N.Y.C. Tr. Auth.*, 856 N.Y.S.2d 638, 639 (App. Div. 2008) (holding pre-trial dismissal improper where court had not first resolved date when notice of claim was properly served).

   Plaintiffs' second notice of claim was prepared by plaintiffs' counsel, and was served on December 31, 2009. (Deem Decl. Ex. 2.) That notice names as respondents: Westchester County, Westchester County Department of Correction, Westchester Medical Center, Westchester County Health Care Corporation, Dr. Randy Goldberg, and Dr. Gail Bailey. (*Id.* at 1.) The notice alleges that Dilworth sustained injuries on December 16, 2008, and that Drs. Goldberg and Bailey "engaged in a course of conduct constituting, without limitation, denial of medical treatment, deliberate indifference to serious medical needs, medical negligence and medical malpractice." (*Id.* at 2.) The notice lists over thirty physical and legal injuries sustained by Dilworth, (*id.* at 3),

7

and alleges that certain claims arose "at the time of his release," which the second notice of claim dates to October 27, 2009, (*id.* at 2.) Plaintiffs now concede, however, that Dilworth was released on September 23, 2009, more than ninety days before service of the second notice of claim. (SAC ¶ 185.) Therefore, since the second amended complaint alleges no claims that accrued in the ninety days prior to service of the second notice of claim, the notice is "a nullity" absent a state court order authorizing the late filing of a notice of claim. *See Morgan v. Nassau County*, No. 03 Civ. 5109 (SLT) (WDW), 2009 WL 2882823, at *14 (E.D.N.Y. Sept. 2, 2009) (citing *Laroc v. City of New York*, 847 N.Y.S.2d 677, 678 (App. Div. 2007)).[2]

In contrast, the court finds that Dilworth's *pro se* notice, although untimely as to his original injury, is sufficient to support the negligence claims against the Institutional County Defendants. A notice of claim is sufficient when it includes enough information to enable the municipality to adequately investigate the claim. *Fincher,* 979 F. Supp. 2d at 1002 (citing *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1160 (N.Y. 1981). In determining compliance with the requirements of § 50-e, courts "should 'focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident.'" *Parise v. N.Y.C. Dept. of Sanitation*, No. 03 Civ. 1673 (DLI) (KAM), 2007 WL 2746912, at *1 (E.D.N.Y. Sept. 19, 2007) (quoting *Brown v. City of New York*, 740 N.E.2d 1078 (N.Y. 2000)). The *pro se* notice alleges that Dilworth was confined for four months in the J-block dorms, a non-handicapped facility, despite serious injury.

---

[2] On September 28, 2011, the court received a supplemental declaration from plaintiffs' counsel including an order from the New York Supreme Court, Hon. Orazio R. Bellantoni, deeming plaintiffs' second notice of claim timely served upon the Institutional County Defendants. The County Defendants have requested an opportunity to respond to the declaration. As plaintiffs have not yet sought to amend the complaint to allege that the second notice is now deemed timely served, the second notice remains of no effect. *See Woods v. New York Dept. of Sanitation*, No. 98 Civ. 6918 (JSM), 1999 WL 476305 (S.D.N.Y. July 8, 1999) (dismissing claims without prejudice pending filing of an amended complaint alleging leave from state court to serve late notice); *Richards v. City of New York*, 433 F. Supp. 2d 404, 431 (S.D.N.Y. 2006) (allowing claims to proceed after complaint was amended to acknowledge that leave was granted in state court to file a late notice of claim).

It alleges that Dilworth was denied "proper medical care," that he received no assistance as to his care while under confinement, and that the defendants were "negligent," causing "permanent physical and mental damage." These statements identify the time, location, and nature of injuries, which are distinct from Dilworth's initial accident, and which accrued in the ninety days preceding service of the notice. Dilworth's *pro se* notice remains untimely, however, as to any claims which accrued more than ninety days before the notice was served on Westchester County.

Further, the *pro se* notice does not provide sufficient detail to support the non-negligence state tort claims that appear in plaintiffs' complaint but not in the notice. *See, e.g., Shavulskaya v. N.Y.C. Tr. Auth.*, 835 N.Y.S.2d 904, 905 (App. Div. 2007) (dismissing complaint where notice of claim set forth theories of liability "substantially different" from theories advanced in complaint); *Rice v. N.Y.C. Hous. Auth.*, 539 N.Y.S.2d 977, 978-79 (App. Div. 1989) (holding that earlier notice of claim, which alleged "unlawful imprisonment, assault, [and] battery," could not, unless amended, serve as basis for later claims of negligence); *Mojica v. N.Y.C. Tr. Auth.*, 498 N.Y.S.2d 448, 449 (App. Div. 1986) (dismissing amended complaint where the "essential facts necessary to sustain causes of action for false arrest, imprisonment, and malicious prosecution appeared for the first time" in the complaint, but not in the timely-served notice of claim). Merely providing notice of the occurrence is not adequate to constitute notice of a particular claim. *Fincher,* 979 F. Supp. 2d at 1002 (citing *Brown v. N.Y.C. Tr. Auth.*, 568 N.Y.S.2d 54, 55 (App. Div. 1991)). Any cause of action not directly or indirectly mentioned in the notice of claim may not be included in a subsequent lawsuit, even if the cause of action arises out of the same incident as the enumerated claims. *Id.* at 1003 & n.7 (acknowledging that "[i]n some instances, lower New York state and federal courts have applied the notice requirements more flexibly" but

9

that "their more liberal application of § 50–e has not been followed by the substantial majority of cases that have addressed the issue."). Other than his negligence claim, Dilworth's *pro se* notice identifies no other timely incidents, and alleges no other state law theories of liability. As such, it would not have enabled the county to investigate any of the non-negligence state tort claims in the present complaint.

Nor is Dilworth's *pro se* notice sufficient to support his state tort claims against the Individual County Defendants, who were not sufficiently identified in the *pro se* notice of claim. See *Schafer v. Hicksville Union Free Sch. Dist.*, No. 06 Civ. 2531 (JS) (ARL), 2011 WL 1322903, at *11 (E.D.N.Y. Mar. 30, 2011) (plaintiffs "may not 'file a notice of claim naming a municipal entity and then commence an action against a roster of individual municipal employees.'") (quoting *White v. Averill Park Cent. Sch. Dist.*, 759 N.Y.S.2d 641, 643 (Sup. Ct. 2003)); *DC v. Valley Central School Dist.*, No. 09 Civ. 9036 (WWE), 2011 WL 3480389, at *2 (S.D.N.Y. June 29, 2011) ("As to the identities of the potential defendants, the Court must construe the notice of claim strictly to ensure that the defendants are properly named as respondents in the notice of claim."). Individual liability is improper when the notice of claim "fails to complain about the action or inaction of a particular employee and/or fails to set forth a theory for imposing liability on that employee," since the municipality would then have "no basis for investigating whether or not the claimant has a valid claim against that employee." *White*, 759 N.Y.S.2d at 644. Dilworth's *pro se* notice of claim does not name any individual defendants other than Bailey-Wallace and Spano, and does not suggest any theories of individual liability as to Bailey-Wallace, Spano, or any other defendant. As such, it is legally insufficient to support state tort claims against any individual defendant. *Id.*; *see Rateau v. City of New York*, No. 06 Civ. 4751 (KAM) (CLP), 2009 WL 3148765, at *15 (E.D.N.Y. Sept. 29, 2009)

("Plaintiff's notice of claim fails to name or mention [individual defendant] Mr. Elkin . . . Accordingly, plaintiff's state law claims against [him] . . . are dismissed."); *cf. Verponi v. City of New York*, No. 16258/2004, 2011 WL 1991719, at *5 (N.Y. Sup. May 19, 2011) (refusing to dismiss state tort claims against multiple police officers although they were not identified by name in the notice of claim, because the "issue is not whether the police officers were identified by name in the Notice of Claim, but whether they were described sufficiently for the City to be able to investigate the claim.").

Accordingly, for failure to timely serve a notice of claim, the court dismisses all of Plaintiff's state tort claims against all County Defendants, except for those of Plaintiffs' state tort negligence claims (counts XXIII and XXIV) against the Institutional County Defendants which accrued no earlier than ninety days before service of the *pro se* notice of claim. See *In re Dayton*, No. 09 Civ. 8140 (KMK), 2011 WL 2020240, at *15 (S.D.N.Y. Mar 31, 2011) (dismissing claims without prejudice where late notice of claim was not yet granted but application was made within the statute of limitations). If plaintiffs have been granted permission from state court to file and serve a late notice of claim on the Individual County Defendants or the Institutional County Defendants, *see* note 2 *supra*, plaintiffs must amend their complaint to plead compliance with the notice requirement.

### B. Plaintiffs' scope of employment argument

Plaintiffs also argue that their state tort claims against the Individual County Defendants are not subject to the notice of claim requirement because the defendants engaged in activities outside the scope of their employment. (*See* Pls.' Am. Obj. at 7.)

Service of a notice of claim is a condition precedent to the commencement of an action against a county employee whenever the county is required to indemnify the employee. N.Y.

Gen. Mun. Law § 50-e(1)(b). A county's duty to indemnify its officials or employees "turns on whether they were acting within the scope of their employment. . . ." *Poux v. County of Suffolk*, No. 09 Civ. 3081 (SJF) (WDW), 2010 WL 1849279, at *13 (E.D.N.Y. May 4, 2010) (citing *Grasso v. Schenectady County Pub. Library*, 817 N.Y.S.2d 186, 190 (App. Div. 2006)). A notice of claim is not required to bring legal action for activities outside the scope of an individual defendant's employment. *See id.*

Plaintiffs' contention is in conflict with their pleadings. By their own words, plaintiffs have limited their pleadings to actions taken by the individual defendants within the scope of their employment. (*See* SAC ¶ 33 (individual defendants "at all relevant times, acted within the scope of their employment"); SAC ¶ 265 ("the threats and excessive and unnecessary physical force used by . . . defendants . . . occurred while they were executing their [sic] acting in the scope of their employment,"); SAC ¶ 295 ("at all relevant times the employees…were acting, for, upon, and in furtherance of the business of their employer and within the scope of their employment.").)

Where a plaintiff alleges in his complaint that an individual municipal defendant acted within the scope of his employment and the defendant does not deny the allegation, failure to timely file a notice of claim requires dismissal. *See T.C. v. Valley Central School District*, 777 F. Supp. 2d 577, 602 (S.D.N.Y. 2011) (acknowledging that scope of employment is a "fact intensive issue," but nevertheless dismissing under rule 12(b)(6) all state law claims against individual defendant for failure to file a notice of claim, where complaint alleged that she was acting "within the scope of her capacity as acting school principal" at all times); *Bryant v. City of New York*, 867 N.Y.S.2d 15 (Sup. Ct. 2008); *see also Olsen v. County of Nassau*, No. 05 Civ. 3623 (ETB), 2008 WL 4838705, at *2-*3 (E.D.N.Y. Nov. 4, 2008) (dismissing state law discrimination

claims against county police officers where the alleged conduct occurred exclusively during the course of their employment and no timely notice of claim was served). Plaintiffs' reliance on *Costabile v. County of Westchester, NY*, 485 F. Supp. 2d 424 (S.D.N.Y. 2007) is inapposite. In *Costabile*, the court refused to dismiss claims against three individual county parks department employees who allegedly harassed their disabled coworker, because the complaint itself alleged conduct that "appear[ed] to fall outside the scope of their employment." *Id.* at 432. Here, in contrast, plaintiffs have deliberately limited their complaint to actions within the scope of the individual defendants' employment.

Accordingly, as noted in section II.A *supra*, all state tort claims against the Individual County Defendants are dismissed without prejudice for failure to timely file a notice of claim.

**C. Drs. Bailey-Wallace and Goldberg**

Plaintiffs allege that Drs. Bailey-Wallace and Goldberg may properly be considered employees of New York Medical College, whether or not they are also considered employees of the county. Plaintiffs therefore argue that no notice of claim is required to maintain an action against them. In support of their proposition, plaintiffs attempt to submit two affidavits from a separate lawsuit, in which Drs. Bailey-Wallace and Goldberg each makes the unsupported statement that she/he was, at the times relevant to that lawsuit, an employee of New York Medical College. (Deem Decl. Ex. C. at 1, 5.) Plaintiffs also highlight language in the complaint to the effect that Drs. Bailey-Wallace and Goldberg are merely "acting" directors at WCDOC.

The court finds that plaintiffs' arguments fail to directly address the concerns stated by Judge Gorenstein in the Report. Judge Gorenstein found that the complaint "fails to provide any facts indicating how or in what manner the doctors," including Drs. Bailey-Wallace and Goldberg, "were acting within the scope of some employment relationship with NYMC."

13

(Report at *29.) The Report further states that the "conclusory, and somewhat inconsistent, allegation in the complaint that WCDOC is a 'division of NYMC,' . . . does nothing to articulate the scope of the defendants' purported employment with NYMC," *id.*, and that "the allegations regarding a "symbiotic relationship" between NYMC and Westchester Medical Center . . . are conclusory and insufficient to define the scope of any purported employment relationship." (Report at *29 n.10.)

As plaintiffs' complaint does not identify an employment relationship between NYMC and Drs. Bailey-Wallace or Goldberg, the court adopts Judge Gorenstein's finding that they are identified in the pleadings solely as municipal employees. As such, the Report properly concluded that they are subject to the notice of claim requirement.

**III. Objections to dismissal of the *Monell* claims against NYMC**

In the Report, Judge Gorenstein recommended dismissal of the 42 U.S.C. § 1983 claim against NYMC, raised by plaintiffs under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Judge Gorenstein found that, even if *arguendo* NYMC acted under color of state law, plaintiffs had failed in their pleadings to (A) identify an official policy or custom of NYMC that caused Dilworth's constitutional deprivations, (B) identify a final policymaker at NYMC who implemented any such policy, or (C) show that NYMC was deliberately indifferent to any unconstitutional actions of its employees.

Plaintiffs, in objection, make two relevant arguments. First, plaintiffs contend that the inmate grievance procedure at the Westchester County Jail, criticized by the U.S. Department of Justice after a 2007 investigation, can be treated as an official policy of NYMC simply because the grievance form has the letters CHS in its header. (The letters CHS allegedly refer to Correctional Health Services, which itself is purportedly a division of NYMC). Second, plaintiffs

14

argue that NYMC's budgetary limitations, and their alleged effect on its doctors' medical advice, can be considered an official policy of NYMC.

The Second Circuit "has established a two-prong test that a section 1983 plaintiff must pass before recovering from a municipality." *Jones v. Westchester County Dept. of Corr. Med. Dept.* 557 F. Supp. 2d 408, 416-17 (S.D.N.Y. 1996) (internal citations and quotations omitted throughout). First, the plaintiff "must prove the existence of a policy or custom" that caused his injuries. *Id.* at 417. Second, the plaintiff must establish a causal connection between the policy and the alleged civil rights violation. *Id.* To satisfy the first prong of the test on a motion to dismiss, the plaintiff must allege the existence of one of the following: (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *Id.*

Plaintiffs' arguments fail because, even if the grievance procedure and the purported budgetary limitations were found to be policies attributable to or endorsed by NYMC, they have not shown a causal connection between those policies and plaintiffs' injuries. Further, plaintiffs have not identified an authorized NYMC policymaker who was aware of any unconstitutional actions by its doctors. Only an official who has final policymaking authority may subject his employer to § 1983 liability through his individual actions. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Plaintiffs' last-minute attempt to rebrand Bailey-Wallace and Goldberg as

15

NYMC policymakers contradicts their characterization throughout the complaint. *See* section II.C *supra*.

Therefore, because plaintiffs fail to causally connect a policymaker or policy at NYMC to Dilworth's constitutional deprivations, the court adopts Judge Gorenstein's recommendation to dismiss the § 1983 claim against NYMC.

**IV. Objections to dismissal of *respondeat superior* and loss of consortium claims against NYMC**

In the Report, Judge Gorenstein dismissed all state law claims against NYMC. Plaintiffs argue that their state law claims of *respondeat superior* and loss of consortium against NYMC should be maintained because "the complaint alleges sufficient facts to determine Drs. Bailey-Wallace and Goldberg's scope of employment," (Pls.' Am. Obj. at 18), namely, that the doctors were "duly appointed and acting" Medical Directors at Correctional Health Services, "[located] at WCDOC, a division of the NYMC. . . ." *Id.* (alteration in original) (citing (SAC ¶¶ 39-40.)).

As discussed in section II.C *supra*, plaintiffs' complaint fails to identify an employment relationship between NYMC and Drs. Bailey-Wallace or Goldberg. Without identifying this relationship, NYMC cannot be subject to claims of *respondeat superior*. *See, e.g., Sgaliordich v. Lloyd's Asset Management*, No. 10 Civ. 3669 (ERK), 2011 WL 441705, at *4 (E.D.N.Y. Feb. 8, 2011) (dismissing *respondeat superior* claims where plaintiff failed to plead sufficient facts concerning individuals' employment relationship with defendant). Accordingly, the court adopts Judge Gorenstein's recommendation to dismiss all state law claims against NYMC.

**V. Objections to the § 1983 claims against Amicucci, Spano, and Soychak**

In the Report, Judge Gorenstein refused to dismiss the § 1983 claims against Amicucci, Spano, and Soychak. The County Defendants argue under *Ashcroft v. Iqbal*, 129 S.Ct. 1937

(2009) that Judge Gorenstein improperly assumed the truth of allegations offered against all three defendants "on belief," as opposed to "on information and belief." (Defs.' Obj. at 6.) The County Defendants essentially contend that nothing pled "on belief" may be used to establish a claim of personal involvement in a constitutional violation under § 1983.

The County Defendants have not directed the court to a single case applying so wooden an interpretation of *Iqbal*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . ." *Id*. at 1950 (internal citation omitted); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

Judge Gorenstein did not err when he used plaintiffs' plausible, if speculative, assertions as a context for construing plaintiffs' factual assertions. Applying the rule the County Defendants suggest would merely punish attorneys who, like plaintiffs' counsel, hew to the letter of Fed. R. Civ. P. 11(b)(3), under which an attorney presenting papers must certify that "the factual contentions have evidentiary support or, *if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" (emphasis added).

County Defendants' remaining arguments are variations on a theme, namely, that the allegations in the complaint are insufficient to infer Amicucci's, Spano's, or Soychak's personal knowledge of, or involvement in, any constitutional violations. The court has thoroughly reviewed these arguments, and finds them duplicative of those explicitly rejected by Judge Gorenstein in the Report. Judge Gorenstein found that plaintiffs' allegations were specific and detailed enough *in toto* to reflect that Amicucci, Spano, and Soychak each knew that Dilworth

was being subjected to unconstitutional conditions, and that each failed to act to prevent future violations. (*See* Report at 32-36.) Challenging plaintiffs' pleadings word by word, such as by arguing that Spano was informed of Dilworth's improper confinement in only vague terms like "torture" or of conditions "created by 'others'" at the August 11, 2009 meeting, (Defs.' Obj. at 11 n.9), merely mistakes succinct pleading for recitation of the verbatim content of meetings and conversations. As Defendants' other objections "engage the district court in a rehashing of the same arguments" addressed by Judge Gorenstein, the appropriate standard of review for the Report is clear error. *Edwards*, 414 F. Supp. 2d at 347. The Court finds no clear error on the face of the report.

      For the above reasons, the court adopts Judge Gorenstein's recommendation, and retains the § 1983 claims against Amicucci, Spano, and Soychak.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Gorenstein's well-reasoned and thorough Report and Recommendation, but does not dismiss all state tort claims against Westchester County, Westchester County Health Care Corporation, or Westchester Medical Center.

NYMC's motion to dismiss [167] is GRANTED as to all claims against it.

Aramark and Adam Arks' motions to dismiss [267], [271] are GRANTED as to all claims against them.

COBA's motion to dismiss [173] is GRANTED as to all claims against it.

The County Defendants' motion to dismiss [256] is GRANTED IN PART and DENIED IN PART. Specifically, the following claims against the County Defendants are dismissed with prejudice: (1) all claims against defendants Dr. Maretzo and Camera, (2) § 1983 claims against Hodges and Rhodes, and (3) all claims pursuant to §§ 1985 and 1986. The following claims against the County Defendants are dismissed without prejudice: (4) all state tort claims against the Individual County Defendants, and (5) all state tort claims against the Institutional County Defendants, except for negligence claims (counts XXIII and XXIV) against the Institutional County Defendants which accrued no earlier than ninety days before service of the *pro se* notice of claim. The remaining claims against the County Defendants should not be dismissed.

SO ORDERED.

Dated: New York, New York
September 30, 2011

Richard J. Holwell
United States District Judge

19