UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY G. DILWORTH and             :
PATRICIA DILWORTH,
                                    :       OPINION AND ORDER
                                            10 Civ. 2224 (JMF) (GWG)
         Plaintiffs,                :

         -v.-                       :

                                    :
RANDY GOLDBERG, M.D., et al.,
                                    :
         Defendants.
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Anthony Dilworth ("Dilworth") and Patricia Dilworth (together, "plaintiffs") have brought this action arising out of Dilworth's confinement in the Westchester County Jail (the "WCJ"). They allege various federal and state claims against Westchester County, the Westchester County Health Care Corporation, and 36 individual defendants.

Dilworth now moves this Court for leave to amend the complaint for a fourth time, adding claims for medical malpractice and gross negligence against defendants Randy Goldberg, M.D., and Gail Bailey-Wallace, M.D.[1] The defendants have opposed Dilworth's motion to

---

[1] While Dilworth requests leave to file a "Supplemental Complaint," see Supplemental Complaint ("Supp. Compl.") (annexed as Ex. 1 to Declaration in Support of Motion to File and Serve a Supplemental Complaint, filed Aug. 2, 2013 (Docket #365) ("Deem Decl.")), his motion papers suggest that in fact he is asking to file an amended complaint. First, Dilworth identifies his motion as arising under Fed. R. Civ. P. 15(a)(2), which applies to amended pleadings, and not Rule 15(d), which applies to supplemental pleadings. See Notice of Motion to Serve a Supplemental Complaint, filed Aug. 2, 2013 (Docket # 364) ("Notice of Motion"). Second, by the terms of Rule 15(d), a "supplemental" pleading must allege events that "happened after the date of the pleading to be supplemented" – in this case, the Third Amended Complaint, which was filed on October 22, 2012. See Third Amended Complaint, filed Oct. 22, 2012 (Docket #340) ("3d Am. Compl."). Dilworth's proposed "Supplemental Complaint," however, makes no reference to events occurring after October 22, 2012. See Supp. Compl. Thus, we construe

amend. For the reasons discussed below, Dilworth's motion is denied.

I.  BACKGROUND

    A.  Procedural History

On March 15, 2010, the plaintiffs filed the complaint in the instant action. See Complaint, filed Mar. 15, 2010 (Docket # 2). On April 2, 2010, plaintiffs amended their complaint for the first time. See First Amended Complaint, filed Apr. 2, 2010 (Docket # 8). On September 14, 2010, the Court granted plaintiffs leave to file a second amended complaint, see Order, filed Sept. 14, 2010 (Docket # 133), and plaintiffs filed their second amended complaint on September 17, 2010, see Second Amended Complaint, filed Sept. 17, 2010 (Docket # 134).

On January 24, 2012, plaintiffs filed a motion to amend the second amended complaint, seeking, among other changes, to add "medical negligence" and gross negligence claims against Dr. Goldberg and Dr. Bailey-Wallace. See Proposed Verified Third Amended Complaint (annexed as Ex. 1 to Declaration of Michael Deem in Support of Motion to Amend the Second Amended Complaint, filed Jan. 24, 2012 (Docket # 317)), ¶¶ 244-50. The defendants opposed the motion. See County Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend the Second Amended Complaint, filed Feb. 27, 2012 (Docket # 322). On September 13, 2012, this Court granted in part and denied in part plaintiffs' motion. See Dilworth v. Goldberg, 914 F. Supp. 2d 433 (S.D.N.Y. 2012) ("Dilworth II"). As part of its ruling, this Court denied plaintiffs' request to add medical negligence and gross negligence claims against Dr. Goldberg and Dr. Bailey-Wallace because such claims would not survive a motion to dismiss. Id. at 472-73. Specifically, we found that plaintiffs' claims for "medical

---

Dilworth's motion as a motion to file an amended complaint, not a supplemental complaint.

negligence" were in essence claims for medical malpractice that did not comply with New York General Municipal Law § 50-d, see id. at 472, and that plaintiffs' claims for gross negligence did not state a valid cause of action, see id. at 473.

Since this Court's decision on the motion to amend the second amended complaint, the parties have engaged in extensive discovery. See Declaration of Darius Chafizadeh in Opposition to Dilworth's Motion to File and Serve a Supplemental Complaint, filed Aug. 23, 2013 (Docket #368) ("Chafizadeh Decl.") ¶¶ 44-46. On August 2, 2013, two weeks before the close of non-expert discovery, Dilworth filed the instant motion to amend the third amended complaint.[2] Dilworth attaches a proposed pleading that adds claims against Dr. Goldberg and Dr. Bailey-Wallace for medical malpractice and gross negligence. See Supp. Compl.

B. Alleged Facts

The facts alleged in the proposed pleading are as follows:

Dilworth sustained injuries in a motor vehicle accident in April 2006 and was struck by a car in July 2007. Supp. Compl. ¶¶ 2-4. When he was jailed at the WCJ on October 3, 2008, he informed jail personnel of his injuries, and WCJ medical personnel obtained information regarding his treatment from Dilworth's private physicians. Id. ¶¶ 4-6. However, Dr. Goldberg and Dr. Bailey-Wallace failed to follow these recommendations. Id. ¶ 7. Additionally, they failed to treat Dilworth for the injuries he received from a fall at the WCJ on December 16, 2008. Id. ¶¶ 8-9. Specifically, Dr. Goldberg and Dr. Bailey-Wallace "failed to treat or failed to

---

[2] See Notice of Motion; Deem Decl.; Memorandum of Law in Support of Plaintiff Anthony G. Dilworth's Motion to File and Serve a Supplemental Complaint, filed Aug. 2, 2013 (Docket #366) ("Dilworth Mem."); Chafizadeh Decl.; Memorandum of Law in Opposition to Plaintiff Anthony Dilworth's Motion to File and Serve a Supplemental Complaint, filed Aug. 23, 2013 (Docket #369) ("Opp. Mem.").

treat adequately Mr. Dilworth's spinal injuries" which was "a gross deviation from accepted standards of care in light of known prior back injuries." Id. ¶ 9. As a result of Dr. Goldberg and Dr. Bailey-Wallace's inadequate treatment, "Dilworth suffered severe pain for the remainder of his detainment in the WCJ." Id.

II. DISCUSSION

Defendants make a number of arguments opposing the motion to amend, see Opp. Mem. at 1-4, many of which appear to be meritorious. We address just one here — the defendants' argument that any claim filed now would run afoul of the applicable statute of limitations — as it alone mandates denial of the motion to amend.

A. Legal Standard Governing Motions to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend a complaint] when justice so requires." Accord Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, leave to amend may be denied where there is "undue delay, bad faith, . . . undue prejudice to the opposing party . . . , [or] futility of amendment." Id.; accord Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). It is well-settled that where a proposed claim would fail because of lack of compliance with a prerequisite to suit, such as a notice of claim requirement, leave to amend will be denied as futile. See generally Coronna v. County of Suffolk, 2008 WL 2371421, at *6 (E.D.N.Y. June 9, 2008) (leave to amend denied where plaintiff failed to comply with notice of claim requirement); Horvath v. Daniel, 423 F. Supp. 2d 421, 424 (S.D.N.Y. 2006) (same); Haygood v. City of New York, 64 F. Supp. 2d 275, 278 (S.D.N.Y. 1999) (same). Additionally, it is settled that a motion to amend should be denied on grounds of futility where it would have to be dismissed on statute of limitations grounds. See, e.g., Chepilko v. Cigna Life Ins. Co. of N.Y., 2013 WL 3387832, at *3 (S.D.N.Y. July 9, 2013)

(motion to amend time-barred claims denied as "futile"); Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 81 (E.D.N.Y. 2011) ("A proposed amendment to add defendants may be considered futile if the claims sought to be added are barred by the relevant statute of limitations.") (internal punctuation omitted); Coronna, 2008 WL 2371421, at *6 (where claims are time barred, "the proposed amendment is futile").[3]

      B.     Dilworth's Medical Malpractice and Gross Negligence Claims

Dilworth seeks to add (1) medical malpractice claims against Dr. Goldberg and Dr. Bailey-Wallace for "breach[ing] their duty to Mr. Dilworth by failing to provide care and treatment for his aggravated spinal injuries," Supp. Compl. ¶ 13, and (2) gross negligence claims because "[their] deviations from the community standard of care, in light of [Dilworth's] pre-existing injuries, were so careless that they showed complete disregard for the rights and safety of [Dilworth]," id. ¶ 17. New York General Municipal Law § 50-d(1) requires that "every municipal corporation shall be liable for, and shall assume the liability . . . of any resident physician, physician . . . rendering medical . . . services of any kind to a person without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation . . . for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such resident physician [or] physician . . . while engaged in the rendition of such services." It further mandates: "No action shall be maintained under this section against such municipality, resident physician, physician . . . unless a notice of claim shall have been made and served in compliance with section [50-e] of this chapter [and]

---

[3] If the claim is not in fact barred by the statute of limitations because of the applicability of some other rule, such as the relation-back doctrine, Addison, 283 F.R.D. at 81, the amendment would not be futile. Here, Dilworth makes no arguments on this score, and thus, we deem any such arguments abandoned.

shall be commenced pursuant to the provisions of section [50-i] of this chapter." N.Y. Gen. Mun. Law § 50-d(2). Under N.Y. General Municipal Law § 50-i(1)(c), a claim against any such physician must be "commenced within one year and ninety days after the happening of the event upon which the claim is based."

Here, this Court has previously found that claims against Dr. Goldberg and Dr. Bailey-Wallace come within N.Y. General Municipal Law § 50-d. See Dilworth II, 914 F. Supp. 2d at 472 ("[S]o long as plaintiffs' claim against the doctors employed at the WCJ sounds in medical malpractice, plaintiffs must comply [with] General Municipal Law § 50-d and other statutes governing medical malpractice claims . . . The plaintiffs' allegations against Drs. Schramm, Bailey-Wallace and Goldberg arise out of their conduct as providers of medical services to Dilworth, including treatment and diagnoses, or failures in this regard."). In other words, because Dr. Goldberg and Dr. Bailey-Wallace were acting as medical professionals while performing services at the WCJ, they qualify as "physicians" for purposes of N.Y. General Municipal Law §§ 50-d. Consequently, Dilworth was required to comply with the limitations provision of § 50-i and notice of claim provision of § 50-e when bringing medical malpractice and gross negligence claims against Dr. Goldberg and Dr. Bailey-Wallace. See also Dilworth v. Goldberg, 2011 WL 4526555, at *8 (S.D.N.Y. Sept. 30, 2011) (Dilworth I) (Dr. Goldberg and Dr. Bailey-Wallace are "subject to the notice of claim requirement").

Dilworth's claims for medical malpractice and gross negligence must have accrued, at the latest, when Dilworth was released from custody on September 23, 2009. See 3d Am. Compl. ¶ 57 ("From October 3, 2008 through September 23, 2009, Mr. Dilworth was a pretrial detainee in the WCJ.") Dilworth did not seek to add these claims for medical malpractice and gross negligence until he filed the instant motion on August 2, 2013. Given that the motion to

add these claims was not filed until more than three years after the claims accrued, it is clear that the claims do not comply with the one year and ninety day statute of limitations mandated by N.Y. General Obligations Law § 50-i(1)(c). Indeed, Dilworth has not filed any papers opposing defendants' arguments on this point or on any other point. Thus, we find that the medical malpractice and gross negligence claims against Dr. Goldberg and Dr. Bailey-Wallace are untimely under N.Y. General Obligations Law § 50-i(1)(c). Any effort to add such claims are thus necessarily futile.

III. CONCLUSION

For the foregoing reasons, Dilworth's motion to amend the third amended complaint (Docket #364) under Fed. R. Civ. P. 15(a)(2) is denied.

SO ORDERED.

Dated: October 23, 2013

New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:

Patricia Dilworth
3219 East Main Street, Apt. 5
Mohegan Lake, NY 10547

Counsel by ECF